Pfeifer, J.,
dissenting.
{¶ 50} R.C. 2919.123 states, among other things, that mifepristone may not be prescribed other than “in accordance with all provisions of federal law that govern the use of RU-486 (mifepristone) for inducing abortions.” The majority opinion, in syllabus law, considers this provision a “mandate” that mifepristone may be prescribed only subject to a 49-day gestational limitation. I do not read R.C. 2919.123 so narrowly.
{¶ 51} First, and obviously, the plain language of R.C. 2919.123 does not mention a 49-day gestational limitation.
{¶ 52} Second, federal law does not specifically limit the use of mifepristone, because the FDA does not regulate the practice of medicine. Southard v. Temple Univ. Hosp. (2001), 566 Pa. 335, 341, 781 A.2d 101, quoting In re Orthopedic Bone Screw Prods. Liab. Litigation (E.D.Pa., Mar. 8, 1996), 1996 WL 107556, quoting Klein v. Biscup (1996), 109 Ohio App.3d 855, 864, 673 N.E.2d 225 (“The courts further recognized that the FDA does not regulate the practice of medicine, and therefore the ‘ “decision whether or not to use a drug for an off-label purpose is a matter of medical judgment^] not of regulatory approval” ’ ”).
{¶ 53} The drug-approval letter in this case, which is defined by R.C. 2919.123(F)(1) as “federal law,” states that mifepristone is approved for use and that its use is indicated “for the medical termination of intrauterine pregnancy through 49 days’ pregnancy.” Neither the approval letter nor any other federal law prohibits the off-label use of mifepristone. To the contrary, off-label use of medications is accepted, perhaps even necessary. State Bd. of Registration for Healing Arts v. McDonagh (Mo.2003), 123 S.W.3d 146, 150, citing 21 U.S.C. 396 *372 and Buckman Co. v. Plaintiffs’ Legal Commt. (2001), 531 U.S. 341, 350-351, 121 S.Ct. 1012, 148 L.Ed.2d 854, and fn. 5 (“non-FDA-approved, or ‘off-label,’ use of medications by physicians is not prohibited by the FDA and is generally accepted in the medical profession”); Southard, 566 Pa. at 340, 781 A.2d 101, quoting Buckman, 531 U.S. at 350, 121 S.Ct. 1012, 148 L.Ed.2d 854, citing James M. Beck and Elizabeth D. Azari, FDA, Off-Label Use, and Informed Consent: Debunking Myths and Misconceptions (1998), 53 Food and Drug L.J. 71, 76-77 (“The United States Supreme Court recently recognized that off-label use ‘is an accepted and necessary corollary of the FDA’s mission to regulate in this area without directly interfering with the practice of medicine’ ”).
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney and Elisabeth A. Long, Deputy Solicitors, and Anne Berry Strait and Sharon A. Jennings, Assistant Attorneys General, for petitioner.
Gerhardstein & Branch Co., L.P.A., Alphonse A. Gerhardstein, and Jennifer L. Branch; and Bieser, Greer & Landis, L.L.P., and David C. Greer, for respondents.
Planned Parenthood Federation of America, Helene T. Krasnoff, and Roger K. Evans, for respondents Planned Parenthood Southwest Ohio Region, Planned Parenthood of Central Ohio, Planned Parenthood of Northeast Ohio, Dr. Roslyn Kade, and Dr. Laszlo Sogor.
B. Jessie Hill, Case Western Reserve University School of Law, Cooperating Counsel for the ACLU of Ohio; and ACLU of Ohio Foundation, Inc., and Jeffrey M. Gamso, for respondent Preterm.
Kilpatrick Law Offices, P.C., and Joel J. Kirkpatrick; and Mañee R. Smith, Americans United for Life, for amici curiae members of the United States Congress, in support of the Ohio Attorney General.
{¶ 54} Third, the General Assembly could have specifically banned the off-label use of mifepristone, as it banned particular off-label uses of certain steroids. See R.C. 3719.06(B). But it didn’t.
{¶ 55} Nothing in the plain language of R.C. 2919.123 mandates that the use of mifepristone be limited to the first 49 days of pregnancy. I dissent.